IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:25-CV-00251-M-KS

GIAN SPELLS,

    Plaintiff,

v.

WAKE COUNTY PUBLIC SCHOOL SYSTEM,

    Defendant.

ORDER

Plaintiff brought this action against the Wake County Public School System ("WCPSS"), alleging that he suffered adverse employment action in violation of Title VII of the Civil Rights Act of 1964 and N.C. Gen. Stat. § 143-422.1. [DE 1]. Pending before the court is Plaintiff's pro se Motion for Temporary Restraining Order / Preliminary Injunction. [DE 8]. He seeks to enjoin the WCPSS from "continuing or initiating retaliatory acts in response to the filing of this action, protected EEOC activity, and internal grievances/appeals." *Id.* at 1. For the reasons explained below, the motion is denied.

A party seeking a temporary restraining order or a preliminary injunction must demonstrate that (1) "he is likely to succeed on the merits"; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "that the balance of equities tips in his favor"; and (4) "that an injunction is in the public interest." *See Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Jacobs v. Holmes*, No. 5:15-CT-3031-FL, 2015 WL 3891395, at *2 n.1 (E.D.N.C. June 14, 2015) (noting that a temporary restraining order is governed by the same general standards as preliminary injunctions) (citing *Hoechst Diafoil v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th

Cir. 1999)). "[E]ach of these four factors must be satisfied to obtain preliminary injunctive relief." *Henderson ex rel. NLRB v. Bluefield Hosp. Co., LLC*, 902 F.3d 432, 439 (4th Cir. 2018).

The court need not consider all four factors, as Plaintiff has not shown that he is likely to suffer irreparable harm. Plaintiff alleges that absent injunctive relief he "faces public shaming, job insecurity, psychological distress, and damage to professional standing[,] none of which are fully compensable by monetary relief." [DE 8] at 3. These are not the types of injuries that courts typically find to be irreparable. Indeed, "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date . . . weighs heavily against a claim of irreparable harm." *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017) (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). The Supreme Court has already counseled that "the temporary loss of income" or "damage to [a movant's] reputation" do not typically constitute a valid basis for temporary injunctive relief. *Sampson*, 415 U.S. at 89–90. Plaintiff has not made a showing that unique circumstances exist to overcome this presumption. Thus, as Title VII allows for a plaintiff to recover compensatory damages for emotional injuries, Plaintiff cannot show that he will suffer irreparable harm. *See Bryant v. Aiken Reg's Med. Ctr. Inc.*, 333 F.3d 536, 546–47 (4th Cir. 2003). Plaintiff's Motion for Temporary Restraining Order / Preliminary Injunction [DE 8] is DENIED.

SO ORDERED this 27TH day of May, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

2