IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:25-CV-00251-M-KS

GIAN SPELLS,

    Plaintiff,

v.

WAKE COUNTY PUBLIC SCHOOL SYSTEM,

    Defendant.

ORDER

    This matter comes before the court on the Memorandum and Recommendation ("M&R") entered by Magistrate Judge Kimbery A. Swank in this case on May 13, 2025. [DE 5]. Judge Swank recommends that the court deny Plaintiff's pro se Motion for Leave to Proceed In Forma Pauperis [DE 2] and provide him with time to pay the filing fee. *Id.* at 3. She reasoned that Plaintiff "has not demonstrated that having to pay the required filing fee would deprive him of the necessities of life" because his "monthly income exceeds his monthly expenses[.]" *Id.* at 2. On May 23, 2025, Plaintiff filed a timely objection. [DE 6].

### I. Standard of Review

    A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear

error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Under § 636(b)(1), a party's objections to the M&R must be "specific and particularized" to facilitate district court review. *United States v. Midgette*, 478 F.3d 606, 621 (4th Cir. 2007). On the other hand, "general and conclusory objections that do not direct the court to a specific error" in the M&R fall short of this standard. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (concluding that de novo review was still required under these decisions where a pro se litigant had objected to specific factual findings in the M&R).

## II. Analysis

Plaintiff contests Judge Swank's finding that his monthly income exceeds his monthly expenses. [DE 6] at 2. Specifically, he argues that Judge Swank erred in calculating his monthly income using his monthly gross pay ($3,527.33). *Id.* Instead, he argues that she should have used his monthly take-home pay ($2,695.92), which was $129.47 less than his monthly expenses ($2,825.39). *Id.*

"A litigant may commence an action in federal court *in forma pauperis* ("IFP") by filing an affidavit in good faith containing a statement of assets and demonstrating that he cannot afford to pay the required fees of the lawsuit." *Willis v. Boyette*, No. 4:21-MC-3-M, 2022 WL 1447694, at *1 (E.D.N.C. Apr. 14, 2022) (citing 28 U.S.C. § 1915(a)(1)). The decision to permit or deny an IFP application is largely left to the discretion of the trial court. *Denton v. Hernandez*, 504 U.S. 25, 33–34 (1992). Still, the Supreme Court has counseled that a movant need not be "absolutely destitute" to qualify for relief under § 1915. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Instead, an affidavit is sufficient when it shows that a movant "cannot because

of his poverty pay or give security for the costs and still be able to provide himself and [his] dependents with the necessities of life." *Id.* (cleaned up).

In making this inquiry, courts have considered both a movant's gross pay and take-home pay. *See, e.g.*, *Willis*, 2022 WL 1447694, at *1 (calculating income using monthly gross income); *Vestal v. N. Wake Eye Care*, No. 5:21-CV-70-M, 2021 WL 6327705, at *1 (E.D.N.C. March 25, 2021) (same); *Robinson v. Easley Police Dep't*, No. 8:24-cv-00534-HMH-KFM, 2024 WL 1055237, at *2 (D.S.C. Feb. 21, 2024) (considering a movant's monthly gross and take-home pay); *Nicosia v. LVNV Funding*, No. 2:24-cv-00483-RJS-CMR, 2024 WL 3835645, at *1 (D. Utah July 30, 2024) (same). Regardless of the metric used, these courts have routinely examined whether a movant's income exceeds his expenses, and regardless of whether that's true, whether a movant "has ample funds in his checking accounts" to pay for the filing fee. *Robsinson*, 2024 WL 1055237, at *2.

This case presents the somewhat unique circumstance where a movant's expenses are lower than his gross pay but higher than his take-home pay.[1] In light of the relevant inquiry—that is, whether a movant has sufficient funds to both pay the filing fee and "provide himself . . . with the necessities of life"—the court finds that Plaintiff's take-home pay is the appropriate metric by which to measure his income. *See Adkins*, 335 U.S. at 339. Thus, the court finds that his monthly expenses ($2,825.39) exceed his monthly income ($2,695.92) by $129.47.

---

[1] The court in *Nicosia* confronted a similar circumstance. 2024 WL 3835645, at *1. There, the court ordered the plaintiff to supplement his application "with additional information regarding his debts and financial obligations." *Id.* When the plaintiff failed to do so, the court denied his motion, finding that he "fail[ed] to provide sufficient information to ascertain his financial status." *Id.* Here, the court finds that additional financial information is not necessary for it to make a ruling.

3

This is not the end of the court's inquiry, as Plaintiff listed several other assets and liabilities not accounted for in this calculation. In his IFP application, Plaintiff disclosed that he had $1,871.61 in a personal checking account and approximately $800 in undisclosed investments.[2] [DE 2] at 2. He also provided that he is owed $24,000 by Auto Show Inc. via its representative, John Viggianni, although he reported difficulty in collecting on this judgment. *Id.* at 3; [DE 2-4] at 1. And although he did not list it in his monthly expenses, Plaintiff reported having over $50,000 in federal student loans.[3] After consideration of these disclosures, the court agrees with Judge Swank's assessment and finds that Plaintiff is not one of the "truly impoverished litigants who . . . would remain without a legal remedy if" their IFP application were not granted. *Vestal*, 2021 WL 6327705, at *1 (quoting *Brester v. N. A. van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972)).

For these reasons, the court ADOPTS only the conclusion contained in the M&R and DENIES Plaintiff's Motion for Leave to Proceed In Forma Pauperis [DE 2].

SO ORDERED this 29th day of May, 2025.

*Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff clarifies in his objection to the M&R that the money in his checking account is an emergency fund. [DE 6] at 2.
[3] Plaintiff explains that he does not know what his monthly payment will be for these loans, as his debt was "transferred to another servicer." [DE 2] at 5.

4