IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-251-M-KS

GIAN SPELLS,  )
 )
    Plaintiff,  )
 )    **ORDER**
v.  )
 )
WAKE COUNTY PUBLIC SCHOOL  )
SYSTEM,  )
 )
    Defendant.  )

This matter is before the court on the pro se Plaintiff's motion to seal his application to proceed without prepayment of costs [DE #7] and motion to seal exhibits submitted in support of his motion for temporary restraining order [DE #9]. Plaintiff contends his application to proceed in forma pauperis contains "highly sensitive personal and financial information," which could put him at risk of retaliation by his employer (the named defendant), "unwarranted reputational harm," and could result in exploitation "by others in Plaintiff's professional sphere."[1] (Mot. Seal IFP Appl. [DE #7] at 1–2.) Plaintiff further asserts that certain exhibits submitted in support of his motion for temporary restraining order[2] contain "unverified, uninvestigated, and potentially defamatory accusations" the public

---

[1] Plaintiff's application to proceed in forma pauperis was denied by order dated May 29, 2025. (5/29/25 Order [DE #11].)

[2] Plaintiff's motion for temporary restraining order was denied by order dated May 27, 2025 (5/27/25 Order [DE #10].)

disclosure of which would cause serious injury to Plaintiff's privacy interests and could result in reputational harm to Plaintiff. (Mot. Seal Exs. [DE #9] at 2.) For the reasons set forth below, Plaintiff's motions to seal are denied.

## DISCUSSION

Our courts recognize a public right to inspect and copy judicial records and documents, which "may be abrogated only in unusual circumstances." *Stone v. Univ. of Md.*, 855 F.2d 178, 182 (4th Cir. 1988). This is so because "public access promotes not only the public's interest in monitoring the functioning of the courts but also the integrity of the judiciary." *Doe v. Public Citizen*, 749 F.3d 246, 266 (4th Cir. 2014) (citing *Columbus-America Discovery Grp. v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000)). "The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (citing *Stone*, 855 F.2d at 180). Plaintiff's motions appear to implicate the common law right of access, which can be overcome only upon showing that "countervailing interests heavily outweigh the public interests in access." *Virginia Dep't of State Police*, 386 F.3d at 575 (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

Under this court's local rules, a motion to seal must be accompanied by a memorandum absent a statute, rule, or order requiring the filing be sealed. The memorandum must specify:

> (i) The exact document or item, or portions thereof, for which the filing under seal is requested;

(ii) How such request to seal overcomes the common law or the First Amendment presumption to access;

(iii) The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;

(iv) The reasons why alternatives to sealing are inadequate; and

(iv) Whether there is consent to the motion.

Local Civ. R. 79.2 (E.D.N.C. May 2023); CM/ECF Policy Manual § V.G.1(a). This information is needed to assist the court in determining whether "countervailing interests heavily outweigh the public interests in access." *Virginia Dep't of State Police*, 386 F.3d at 575.

Applications to proceed without prepayment of costs are generally matters of public record notwithstanding the applicant's inclusion of personal financial information. As one court has noted, "[i]f every . . . litigant[ ] was entitled to file an IFP application under seal and *ex parte*, with no showing of particularized need, the public would be denied important transparency in the working of the judiciary, opposing parties would be deprived of the opportunity to raise objections, and the courts would lose a corresponding check on potential misstatements or omissions in IFP affidavits." *SAI v. Dep't of Homeland Sec.*, 149 F. Supp. 3d 99, 127–28 (D.D.C. 2015).

Neither of Plaintiff's motions to seal are accompanied by a memorandum setting forth the information required by this court's local rules. Nor do either of the motions demonstrate a particularized need for sealing. Rather, Plaintiff's motions

3

make conclusory statements of potential harm and fail to overcome the presumption of public access. Accordingly, Plaintiff's motions to seal [DE ## 7, 9] are DENIED.

This 29th day of May 2025.

_____
KIMBERLY A. SWANK
United States Magistrate Judge

4

Case 5:25-cv-00251-M-KS   Document 12   Filed 05/29/25   Page 4 of 4