IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:25-CV-00251-M-KS

GIAN SPELLS,

     Plaintiff,

v.

WAKE COUNTY BOARD OF
EDUCATION

     Defendant.

ORDER

Pending before the court are Plaintiff's pro se Motions to Seal [DE 17, 25], Motion to Proceed In Forma Pauperis [DE 24], and Motion for Preliminary Injunction [DE 27]. For the following reasons, each motion is denied.

Plaintiff moves for a second time to proceed in forma pauperis. DE 24. The court has already declined this request, and Plaintiff has paid the filing fee. *See* DE 13. For the reasons explained more fully in the court's May 29, 2025, order, the motion [DE 24] is DENIED. Further, Plaintiff's motion to seal his application [DE 25] is DENIED for the reasons explained in Judge Swank's May 29, 2025, order.

Plaintiff also moves to seal Exhibits M and N at DE 16-6 and 16-7, respectively. DE 17. Under this district's local rules, a motion to seal must be accompanied by a supporting memorandum unless a statute, rule, or order requires that filing to be sealed. Local Civ. R. 79.2; *see also* CM/ECF Policy Manual § V.G.1(a). The memorandum must specify:

(i) The exact document or item, or portions thereof, for which the filing under seal is requested;

(ii) How such request to seal overcomes the common law or the First Amendment presumption to access;

(iii) The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;

(iv) The reasons why alternatives to sealing are inadequate; and

(iv) Whether there is consent to the motion.

*Id.* Plaintiff's accompanying memorandum offers only conclusory statements that do not comport with these requirements. For example, he states that public access to his termination letter in Exhibit N would present "a substantial risk of defamation and continued stigmatization" and that access to the email chain in Exhibit M would risk exposing the whistleblower who apparently provided Plaintiff with access to those communications. DE 18 at 2. But Plaintiff does not explain how these interests overcome the common law or First Amendment presumption of access, and he does not explain why alternatives to sealing are inadequate. *See id.* Accordingly, his motion to seal [DE 17] is DENIED.

Finally, Plaintiff moves for a preliminary injunction. DE 27. Rule 65 of the Federal Rules of Civil Procedure provides that a preliminary injunction may issue "only on notice to the adverse party." Fed. R. Civ. P. 65(a). "To comport with due process and the requirements of Rule 65, courts generally require the adverse party to have notice and an opportunity to be heard, ideally through formal services of process and actual notice that a preliminary injunction might issue." *ICENY USA, LLC v. M&M's, LLC*, 421 F. Supp. 3d 204, 213 (D. Md. 2019) (citing *Gilchrist v. Gen. Elec. Capital Corp.*, 262 F.3d 295, 301 (4th Cir. 2001)). Here, Defendant has not been served

2

with Plaintiff's amended complaint. Thus, for lack of notice, Plaintiff's motion [DE 27] is DENIED WITHOUT PREJUDICE.

SO ORDERED this 24th day of July, 2025.

_Richard E Myers II_
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE